UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLUMBIA SPORTSWEAR COMPANY, et al.,

    Plaintiffs,

v.

CHENTAO DING, et al.,

    Defendants.

CASE NO. 2:25-CV-450-DWC

ORDER DENYING MOTION FOR ALTERNATIVE SERVICE

Currently before the Court is Plaintiffs' Motion for Alternative Service, which was filed ex parte as no defendant has entered an appearance. Dkt. 8. After consideration of the relevant record, the Motion is denied without prejudice.

**I.    Background**

Plaintiffs Columbia Sportswear Company, Columbia Sportwear North America Inc., and Columbia Brands USA, LLC filed this lawsuit against Defendants Chentao Ding and Shaoxing Qinguang Jinchukouyouxiangongsi on March 12, 2025. Previously, Plaintiffs requested leave to conduct early discovery to obtain an address for Defendants and, on April 9, 2025, the Court granted Plaintiffs' request. Dkts. 6, 7. Plaintiffs have now filed the Motion for Alternative

Service requesting the Court's permission to effectuate service by serving counsel for Defendants and serving Defendants at an address in California that was provided by Amazon. *See* Dkt. 8. Plaintiffs also request an extension to serve. *Id*. The deadline to serve this action expired on June 10, 2025, 90 days after the case was initiated.

## II.     Legal Standard

Service of process on an individual—or any corporation, partnership, or other unincorporated association—outside the United States is governed by Federal Rule of Civil Procedure 4(f). The rule provides that such service may occur:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; [or]
>
> ...
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Rule 4(f)(1) references the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"), *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638, an international treaty that governs service of process among nations that are party to the Convention, including China and the United States. *See* Status Table, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated April 21, 2024) (listing parties to the Hague Convention). The primary method of service under the Hague Convention is for each signatory country to establish a Central Authority, which serves as a channel for receiving requests for and handling service of process within the country. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–99 (1988) (explaining the Hague Convention); *Rubie's Costume Co. v. Yiwu Hua Hao Toys Co.*, 2019 WL 6310564, at *2

ORDER DENYING MOTION FOR
ALTERNATIVE SERVICE - 2

(W.D. Wash. Nov. 25, 2019) (same). The Hague Convention does not apply "where the address of the person to be served with the document is not known," and it lists certain other exceptions in cases of urgency or where service through a Central Authority is delayed or unsuccessful. Hague Convention arts. 1, 15.

Any method of service under United States law must comport with constitutional notions of due process and must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

**III.     Discussion**

The Ninth Circuit has "commit[ted] to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). The party requesting alternate service must "demonstrate that the facts and circumstances of the present case necessitate[ ] the district court's intervention." *Id.* "Courts consider a variety of factors when evaluating whether to grant relief under Rule 4(f)(3)[,] including whether the plaintiff identified a physical address for the defendant, whether the defendant was evading service of process, and whether the plaintiff had previously been in contact with the defendant." *Rubie's Costume Co.*, 2019 WL 6310564, at *2.

Here, Defendants are presumed to be located in China and, as China is a signatory to the Hague Convention, it is relevant here. *See* Dkt. 8. Regardless of whether Plaintiffs must follow the Hague Convention to effectuate service, Plaintiffs have failed to demonstrate the facts and circumstances of this case necessitate the district court's intervention.

1    Plaintiffs have provided evidence that they obtained an address for Defendant Shoaxing
2    Qinguang Jinchukoauyouxiangongsi from Amazon on May 2, 2025. Dkt. 9, Davis Dec., ¶ 3. The
3    address is located in California. *See* Dkt. 9-1. Plaintiffs also state they have been in
4    communication with counsel for Defendants as they have been working towards settlement. *See*
5    Dkt. 8; Dkts. 9-2 – 9-5. There is no evidence Plaintiffs have sought to obtain a physical address
6    for Defendants from defense counsel or attempted service on the physical address they obtained
7    from Amazon. Therefore, it does not appear Plaintiffs have been unable to obtain physical
8    addresses for Defendants to effectuate service.
9    Plaintiffs have also failed to demonstrate Defendants are evading service of process.
10   Rather, it appears Defendants are attempting to resolve this matter. The evidence shows
11   Defendants instructed counsel to discuss a settlement. Therefore, there is no evidence Defendants
12   are evading service.
13   Finally, the Court may still consider whether service under the Hague Convention was
14   attempted or feasible. *Amazon.com, Inc. v. Tian*, 2022 WL 486267, at *4 (W.D. Wash. Feb. 17,
15   2022). Plaintiffs have provided no explanation as to why they have not attempted service under
16   the Hague Convention. Plaintiffs do not cite to any issues of urgency, delay from China's Central
17   Authority, or any other factors that might weigh in their favor regarding their failure to attempt
18   Hague Convention service. *See* Fed. R. Civ. P. 4(f) advisory committee's note to 1993
19   amendment (noting urgency and delay or refusal by the Central Authority of the receiving
20   country as reasons that might warrant alternative service from the Hague Convention). At most,
21   Plaintiffs argue alternative service is appropriate because of the "well-known difficulties and
22   extensive delay associated with effecting service in China." Dkt. 8 at 2. However, "the desire for

ORDER DENYING MOTION FOR
ALTERNATIVE SERVICE - 4

expedience and efficiency alone is not sufficient to justify alternative service." *Tian*, 2022 WL 486267, at *2.

Based on the facts presented, the Court finds Plaintiffs have not shown service through alternative means is necessary at this time.

### IV. Conclusion

For the above-stated reasons, Plaintiffs' Motion (Dkt. 8) is DENIED without prejudice. Plaintiffs may refile their motion to try to demonstrate that their request for alternative service is warranted by the facts and circumstances of the case and that its requested means of service comport with due process.

Dated this 17th day of June, 2025.

David W. Christel
United States Magistrate Judge

ORDER DENYING MOTION FOR
ALTERNATIVE SERVICE - 5